930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wenston Eugene HANNA, Defendant-Appellee.
 No. 90-3143.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1991.
 
 Before BALDOCK and BRORBY, Circuit Judges and ANDERSON, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Wenston E. Hanna appeals from his conviction for unauthorized use of an access device, i.e., credit card fraud. 18 U.S.C. Sec. 1029. Defendant entered a conditional plea of guilty pursuant to Fed.R.Crim.P. 11(a)(2) after the district court denied his motion to suppress certain inculpatory statements made to arresting officers. On appeal, he argues that his warrantless arrest was made without probable cause and, consequently, the statements should have been suppressed. Our jurisdiction arises under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 2
 In December 1988, the Secret Service commenced an investigation into eleven packages ordered from Dillard's department store through the unauthorized use of store credit cards. The packages were sent to a community college in Butler County, Kansas, and were addressed to individuals who were not students at the college. Rec.vol. II at 5. Suspected of this fraudulent scheme was Preston Bonds, a student at Butler Community College, who presented himself at the school mailroom with a list of names matching those used for the unauthorized purchases. Secret Service agents had reason to believe that more than one person was involved in the scheme. As one agent explained:
 
 
 3
 [F]rom the very beginning there was an assumption that there was more than one person involved. Probably the beginning of that assumption occurred when during our numerous conversations with ... Dillard's, and with the victims, we determined that there was a multiplicity of victims involved, and that none of the persons had lost their cards. And based on the other facts involved, we made the assumption ... that there was somebody inside of Dillard's, in other words, somebody other than Bonds, because we knew ... that Bonds was not an employee, that therefore there had to be somebody else who was passing the numbers.... We had not the slightest idea who that other person was, just another person existed. Didn't know whether it was male, female, white or black.
 
 
 4
 Id. at 29. The suspicion that Bonds had an accomplice also was based on the fact that a Dillard's salesperson who took the fraudulent order heard a woman in the background conferring over the contents, which included clothing items for both men and women in varying sizes. Id. at 21-22.
 
 
 5
 A monitored telephone call was placed to Bonds informing him that the packages he inquired about had arrived at the college mailroom. Id. at 12. Four days later, Bonds and defendant arrived at the mailroom where Bonds requested the packages. Id. at 16-17. A mailroom clerk told the pair that the packages were temporarily unavailable and that they should return later; she then called the police. Id. at 17. Approximately one hour later, police observed defendant and Bonds arrive at the college together in a car driven by Bonds. Id. at 17, 34. The pair entered the college mailroom and Bonds again asked the clerk for the packages. Id. at 17. Defendant was standing next to Bonds and appeared interested in the conversation. Id. at 19. Although only Bonds spoke, the pair appeared to be acting in concert. Id. Defendant and Bonds subsequently were arrested, whereupon defendant made inculpatory statements to arresting officers.
 
 
 6
 The admissibility of defendant's statements hinges on the lawfulness of his arrest. Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Alonso, 790 F.2d 1489, 1496 (10th Cir.1986). The legality of a warrantless arrest rests in turn upon whether the arresting officer had probable cause to believe that defendant was committing a crime. Id.
 
 
 7
 Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense had been or is being committed by the person to be arrested.
 
 
 8
 Id. The determination of whether probable cause for a warrantless arrest exists is predominantly a factual analysis. United States v. Fox, 902 F.2d 1508, 1513 (10th Cir.), cert. denied, 111 S.Ct. 199 (1990). Thus, "we will not disturb the trial court's finding of probable cause unless, viewing the evidence presented at trial in the light most favorable to the government, the court's finding is clearly erroneous." Id.
 
 
 9
 Here, arresting officers had prior suspicion that Bonds had an accomplice in his credit card scheme. On two occasions, defendant accompanied Bonds to the college mailroom and appeared interested in the proceedings. Defendant's conduct, the nature of the credit card scheme and the arresting officers' prior suspicion that Bonds had an accomplice was sufficient to warrant the reasonable belief that defendant was an accomplice in the credit card scheme. See Alonso, 790 F.2d at 1496. Thus, we cannot say that the district court was clearly erroneous in concluding that probable cause existed for defendant's arrest.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Aldon J. Anderson, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3